UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jaimie Davis,<br><br>               Plaintiff,<br><br>vs.<br><br>Curtis J. Sathre, III, *et al.*,<br><br>               Defendants. | Case No. 2:25-cv-02597-APG-MDC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) AND STRIKING PLAINTIFF'S DUPLICATE APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 5) FROM THE DOCKET** |

      Plaintiff Jaimie Davis filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1). The Court **DENIES** plaintiff's IFP application without prejudice for the reasons below. Plaintiff must either file a new IFP application OR pay the full filing $405 fee by **January 26, 2026**. The Court also **STRIKES** plaintiff's duplicate IFP application. *ECF No. 5*.

**I.     GENERAL LEGAL PRINCIPLES**

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but applicant must demonstrate that because of his or her poverty he or she cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

      The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have

the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his or her income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

II.   ANALYSIS

The Court finds that it cannot determine plaintiff's IFP status at this time. Plaintiff filed a Short Form IFP application (ECF No. 1), but it is vague and contains several deficiencies. Plaintiff claims to own a $550,000 house, for which she has a $521,330 mortgage and makes $2,907 monthly payments related to her house, including the mortgage. *ECF No. 1* at 2. It is unclear, however, if she purchased her home for $550,000 or if the current value of her home is $550,000. Plaintiff also did not disclose when

she purchased her home. Plaintiff needs to provide the purchase date of her home and the estimated current value of her home. Plaintiff also claims to have $32,430 in credit card debt, to not earn any income, and to only have $983 in her bank accounts. *Id.* at 1-2. Plaintiff must provide information explaining how she is able to pay for her listed expenses. Plaintiff additionally does not disclose any vehicles and provides no explanation regarding transportation. Furthermore, plaintiff did not answer Question No. 7 (regarding dependents). *Id.* at 2. Therefore, the Court finds it cannot make a determination of plaintiff's IFP status at this time. However, the Court will give plaintiff another opportunity to file her IFP application. If plaintiff wishes to proceed *in forma pauperis*, plaintiff must complete a new Long Form IFP application responding to the Court's request for clarification and additional information made by this order. Plaintiff also cannot leave any questions blank. She must provide an explanation for her answers.

Plaintiff also filed a duplicate IFP application. *ECF No. 5*. The Court strikes this duplicate document from the docket.

//
//
//
//
//
//
//
//
//
//
//

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 1) is **DENIED** without prejudice.

2. Plaintiff must either: (1) file a new IFP application, curing the deficiencies noted in this Order, **or** (2) pay the full $405 filing fee by **January 26, 2026**.

3. Failure to timely file a new IFP application may result in a recommendation that this case be dismissed.

4. Plaintiff's duplicate *Application to Proceed in Forma Pauperis* (ECF No. 5) is **STRUCK** from the docket.

IT IS SO ORDERED.

DATED: December 29, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.