**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAIMIE DAVIS,<br><br>        Petitioner<br><br>v.<br><br>CURTIS J. SATHRE, III; WFP SECURITIES CORPORATION; JOHN EVAN SCHOOLER; THOMAS HANSON; and WARREN HORNEY<br><br>        Respondents | Case No.: 2:25-cv-02597-APG-MDC<br><br>**Order (1) Denying Davis' Emergency Temporary Restraining Order Motions, (2) Requiring Davis to Show Cause for Subject Matter Jurisdiction, (3) Requiring Davis to Remedy Service, (4) Denying the Respondents' Motion to Dismiss, and (5) Requiring the Parties to Provide an Update on Parallel Litigation**<br><br>[ECF Nos. 2, 3, 6, 7, 14, 21] |

Jaimie Davis initiated an arbitration proceeding under the Financial Industry Regulatory Authority (FINRA). The FINRA arbitration panel dismissed Davis' claims as precluded by res judicata because "there was a [prior] final judgment on the merits that was appealed and upheld," and Davis' claims "repeat[ed] claims from the earlier arbitration decision and appeal." ECF No. 1-1 at 51. The panel also concluded that Davis' claims were barred because they were based on events that arose more than six years before the arbitration. *Id.* at 51-52. The arbitration panel awarded respondent Curtis Sathre $5,655 in sanctions for attorneys' fees. *Id.* at 52.

Davis filed this case to vacate the FINRA arbitration award under the Federal Arbitration Act (FAA), 9 U.S.C. § 10. Davis also filed five motions that request the same relief: an emergency ex parte temporary restraining order (TRO) to enjoin the respondents from proceeding with a California state court hearing that was scheduled for December 29, 2025. ECF Nos. 2; 3; 6; 7; 14. That hearing was to determine whether to confirm the same arbitration award that Davis seeks to vacate in this action. The Orange County Superior Court confirmed the arbitration award. ECF No. 21-4 at 216-17. I previously declined to address Davis' TRO

motions on an emergency, ex parte basis because "the hearing in the California case . . . ha[d] already occurred." ECF No. 11 at 1.  Because the California state court has confirmed the arbitration award, I deny Davis' TRO motions as moot.

The respondents move to dismiss Davis' petition to vacate the arbitration award, arguing that service was improper, the petition is moot, and I should defer to the state court under the *Colorado River* doctrine. ECF No. 21.  There are several jurisdictional issues that need to be addressed before this case moves forward, including issues with subject matter jurisdiction and service.  The *Colorado River* doctrine argument in the respondents' motion to dismiss is denied without prejudice such that they can raise it once the jurisdictional issues are resolved.

**I.  I order Davis to show cause why I have subject matter jurisdiction.**

Davis claims that I have subject matter jurisdiction based on diversity jurisdiction, 28 U.S.C. § 1332(a).  Although the arbitration sanction was only $5,655, Davis argues the amount in controversy exceeds $75,000 because of the arbitration award's preclusive effects and "concrete litigation value."[1]  ECF No. 1-1 at 13.  The respondents do not argue lack of subject matter jurisdiction in their motion to dismiss.

Even if no party raises the issue of subject matter jurisdiction, I must address it on my own initiative because it limits the power of federal courts and is not waivable. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The FAA "does not itself create jurisdiction," such as through federal question jurisdiction. *Badgerow v. Walters*, 596 U.S. 1, 4-5 (2022).[2]  Rather, a

---

[1] Davis' filings contain language that seems to be written by artificial intelligence.  To the extent Davis has relied on artificial intelligence to write her papers, I caution her that it is her responsibility to review her filings and case citations to ensure they are accurate and say what she claims they do.  The failure to do so may expose her to sanctions under Federal Rule of Civil Procedure 11.

[2] Davis recognizes that she cannot rely on federal question jurisdiction. ECF No. 1-1 at 12-13.

petition to confirm or vacate an arbitration award "must have a jurisdictional basis separate from the FAA's authorization of a petition" because "an arbitration award is no more than a contractual resolution of the parties' dispute." *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025) (quotations omitted).

Davis invokes diversity jurisdiction, which requires that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  The "facts establishing that the amount in controversy exceeds $75,000 must be present on the face of a Section 9 petition" to confirm an arbitration award and courts cannot "look through the petition to the underlying substantive controversy." *Tesla Motors*, 134 F.4th at 561 (holding that "[o]n its face, a petition to confirm a zero-dollar award cannot support the amount in controversy requirement").

Davis filed a petition to vacate, not confirm an arbitration award like in *Tesla Motors*. The amount in controversy requirement is arguably more complex in the context of a petition to vacate because vacatur would "permit litigation to resume on a potentially more valuable claim." *McConnell & Malek Enters. v. Proof Mark, Inc.*, No. 23-cv-00010-LJC, 2025 WL 2430610, at *4 n.5 (N.D. Cal. Aug. 22, 2025).  But considering the value of potentially revived claims would require looking at the underlying controversy to determine the value of the substantive claims, which the Ninth Circuit prohibited in *Tesla Motors* for petitions to confirm arbitration awards. Courts have applied *Tesla Motors* to petitions to vacate an arbitration award. *See Lapaglia v. Valve Corp.*, No. 3:25-cv-00833-RBM-DDL, 2025 WL 3527053, at *5-6 (S.D. Cal. Dec. 9, 2025); *Floyd v. ELCO Admin. Servs. Co.*, No. 24-cv-09420-SVK, 2025 WL 1507095, at *2-4 (N.D. Cal. May 27, 2025).

I agree with these courts because the reasoning in *Tesla Motors* also applies to petitions to vacate.  The Ninth Circuit based its holding on *Badgerow*, where the Supreme Court held that

courts could not look through petitions to vacate or confirm arbitration awards to the underlying substantive dispute in determining federal question jurisdiction. 596 U.S. at 8-11. *Badgerow* applied equally to motions to confirm and vacate arbitration awards. *Id.* Additionally, other sections of the FAA (such as motions to compel arbitration) contain language approving the jurisdictional look through approach that is not present in the sections authorizing motions to confirm or vacate. *Compare* 9 U.S.C. § 4, *with* § 9, *and* § 10; *see also Badgerow*, 596 U.S. at 9-11. Thus, a petitioner must establish that the amount in controversy exceeds $75,000 on the face of the petition to vacate and cannot rely on the underlying dispute.

Davis bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (stating that the party seeking to invoke the federal court's jurisdiction bears the burden of showing jurisdiction exists). Davis has not presented facts that establish the amount in controversy here exceeds $75,000, so I order her to show cause why I should not dismiss this case for lack of subject matter jurisdiction. She claims the arbitration award will "burden or impair [her] court litigation path," so "the amount in controversy exceeds $75,000 because the requested relief protects [her] ability to pursue court claims of that magnitude without the cloud of unauthorized preclusion findings . . . ." ECF No. 1-1 at 13. This reasoning seems to require me to consider the value of her underlying claims, which I cannot do.[3] On its face, Davis' petition to vacate raises a dispute over $5,655, the sanctions amount from the arbitration. *See id.* at 52. That would not satisfy the $75,000 amount in controversy requirement. However, I will give Davis an opportunity to show cause as to how the amount in controversy exceeds $75,000.

---

[3] In an apparent contradiction, Davis recognizes that "[t]he amount in controversy is measured by the value of the specific relief sought in this FAA vacatur action, not by the underlying arbitration 'look through' merits . . . ." ECF No. 1-1 at 13.

**II.  I will allow Davis an opportunity to remedy the defective service.**

The respondents contend that service was improper because Davis did not serve them with the attachments to her petition when she served the petition and summons.  Davis claims that she did not need to serve the attachments and, regardless, she mailed the respondents a flash drive containing the attachments.  She argues that even if I find service was improper, the defect is curable.

The FAA states that:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. . . .  If the adverse party shall be a nonresident [of the district within which the award was made] then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 12.  The Federal Rules of Civil Procedure apply to FAA proceedings unless the FAA "provide[s] other procedures." Fed. R. Civ. P. 81(a)(6)(B).  The FAA does not state whether the attachments to a petition to vacate need to be served, so I look to the Federal Rules of Civil Procedure for guidance.

Rule 4(e)(2) permits service by "delivering a copy of the summons and of the complaint" to the individual personally or someone of suitable age and discretion who resides at the individual's dwelling.  While not explicitly stated in Rule 4, courts have interpreted Rule 4 to require service of the complete complaint, including attached exhibits. *Ringgold v. Burgett, Inc.*, No. 2:22-cv-00836-DAD-CKD, 2022 WL 8044117, at *2 (E.D. Cal. Oct. 17, 2022), *report and recommendation adopted*, No. 2:22-cv-00836-DAD-CKD, 2022 WL 16820859 (E.D. Cal. Nov. 8, 2022); *Clifford v. Dewbury Homes*, No. 2:18-cv-00522-RJS-EJF, 2018 WL 11584099, at *1-2

(D. Utah Oct. 1, 2018). That is consistent with Rule 10(c), which states that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

Davis concedes she did not serve the attachments with her petition. ECF No. 28 at 18-19. Rather, she mailed the respondents a flash drive with the attachments on January 9, 2026 after serving the petition and summons on December 29 and 30, 2025. ECF Nos. 17; 18; 18-1; 28-1 at 2, 23-24. She also sent respondents' counsel the attachments in an email on December 27, 2025. ECF No. 28-1 at 2, 6. While I construe Rule 4 liberally, actual notice alone is insufficient to excuse service defects. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). By failing to serve the petition's attachments, Davis has not complied with Rule 4. Davis argues she complied with my December 29, 2025 order "to serve this order, her motions, and all papers she has filed in this case on the respondents and their counsel." ECF No. 11 at 2. But that order neither purported to waive the requirements of the FAA or Rule 4 nor grant alternative methods of service.

The respondents argue that the service defect is incurable because the FAA's three-month deadline was January 3, 2026. Again, the FAA is silent on remedies for defective service and whether petitioners can cure after the three-month cutoff. The cases cited by the respondents are all situations where the petitioner initiated service after the FAA deadline.[4] Thus, I look to the Federal Rules of Civil Procedure to fill the void. Fed. R. Civ. P. 81(a)(6)(B).

Under Rule 4(m), I must extend the time for service if the petitioner shows "good cause." Davis does not argue there is good cause here. Absent good cause, I may still grant an extension,

---

[4] *See* ECF Nos. 21 at 8 (citing *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1252 (9th Cir. 2018); *Next Level Ventures, LLC v. Avid Holdings, Ltd.*, No. 23-35404, 2024 WL 4457232, at *1 (9th Cir. Oct. 10, 2024)); 29 at 5 (citing *Romero v. Citibank USA, Nat. Ass'n*, 551 F. Supp. 2d 1010, 1013-14 (E.D. Cal. 2008); *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 601 (8th Cir. 1981); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)).

considering factors like "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quotation omitted).

These factors weigh against dismissal.  The FAA deadline acts like a statute of limitation bar that would prevent Davis from refiling a new case if this action were dismissed.  The respondents do not claim that they were prejudiced by the service defect or deny that they had actual notice before the FAA cutoff.  Davis still has not served the attachments, but she tried to provide them electronically to the respondents and their counsel. *See Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984) (Courts "are generally more solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved").  I will give Davis an opportunity to cure the service defect. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (explaining courts have the discretion to dismiss or quash service if it was insufficient, even where service would now be untimely).  Alternatively, I encourage the parties to stipulate to service as the respondents and their counsel do not dispute receiving the attachments and a stipulation would obviate the need to physically serve about 500 pages of documents on each respondent.  The respondents may stipulate to service with the understanding that their challenge to Davis being able to cure service after the FAA's three-month deadline is preserved for appeal.

If the parties do not stipulate, I grant Davis until **July 24, 2026** to serve the summons, petition, and attachments on the respondents under Rule 4's requirements.[5]

---

[5] Section 12 of the FAA requires that United States marshals serve petitions to vacate an arbitration award on respondents who do not reside in the district where the award was made. *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 828-29 (9th Cir. 2024).  However, the respondents did not challenge service on the grounds that it was not made by a marshal, and challenges to service are waived unless timely and properly raised. Fed. R. Civ. P. 12(h).

**III.  I deny the respondents' motion to dismiss without prejudice as to their prudential argument.**

The respondents argue that Davis' petition to vacate is moot after the Orange County Superior Court confirmed the arbitration award and that I should abstain under the *Colorado River* doctrine in light of the parallel state court proceeding.  "Mootness is a jurisdictional question." *Isaacs Bros. Co. v. Hibernia Bank*, 481 F.2d 1168, 1170 (9th Cir. 1973).  Article III mootness is not a prudential issue and thus is not discretionary. *White v. U.S. Army Corps of Eng'rs*, 659 F. Supp. 3d 1045, 1051 (N.D. Cal. 2023); *see also Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 744 F.3d 1124, 1135 (9th Cir. 2014) (distinguishing prudential mootness from Article III mootness).  Therefore, I address it in this order.  The respondents' remaining prudential *Colorado River* argument is denied without prejudice, and the respondents may raise it once the other jurisdictional issues are resolved. *Sexton v. NDEX W., LLC*, 713 F.3d 533, 536 (9th Cir. 2013) (describing the *Colorado River* abstention doctrine as a prudential rule).

Article III of the Constitution allows courts to entertain only cases or controversies. *Isaacs Bros.*, 481 F.2d at 1170.  This jurisdiction requirement demands "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (quotation omitted).  For a dispute to avoid being dismissed as moot, "[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990) (quotations omitted).

---

Therefore, the respondents have waived challenging service based on the marshal requirement, and I will permit Davis to serve under Rule 4 as she initially did.

Davis' claims are not moot: she seeks to vacate an actual arbitration award. The respondents cite to *McLaurin v. Terminix International Co., LP*, 13 F.4th 1232, 1242 (11th Cir. 2021). But this is not a situation where a petition to vacate was moot after the party seeking to vacate failed to oppose an earlier filed petition to confirm an arbitration award in the same court. *See id.* at 1242. The respondents cite no precedent to show that a petition to vacate is moot after an arbitration award is confirmed in a parallel judicial proceeding. There may be other problems with such a procedural posture, but Davis' petition is not moot. I can issue specific relief in this case, my decision would not be advisory, and the parties continue to have a stake in the outcome. I therefore deny the respondents' motion to dismiss for mootness.

## IV. Conclusion

I THEREFORE ORDER that petitioner Jaimie Davis' emergency motions for a temporary restraining order to enjoin the respondents from prosecuting their state court confirmation proceeding **(ECF Nos. 2, 3, 6, 7, 14) are DENIED as moot.**

I FURTHER ORDER that by **June 23, 2026**, Davis must show cause why her petition should not be dismissed for lack of subject matter jurisdiction. Specifically, Davis must prove the amount in controversy exceeds $75,000. The respondents may file a responsive brief within 14 days of Davis' filing.

I FURTHER ORDER that Davis must serve the summons, petition to vacate, and petition attachments on the respondents in compliance with Federal Rule of Civil Procedure 4 by **July 24, 2026**. Alternatively, the parties may file a stipulation of service on the respondents by that same date.

I FURTHER ORDER that the respondents' motion to dismiss **(ECF No. 21) is DENIED.** The respondents may raise any prudential arguments after the jurisdictional issues are resolved.

9

I FURTHER ORDER the parties to file a joint update on the status of the California state court proceeding by **June 23, 2026**.

DATED this 8th day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

10