**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAIMIE DAVIS,<br><br>Petitioner<br><br>v.<br><br>CURTIS J. SATHRE, III; WFP SECURITIES CORPORATION; JOHN EVAN SCHOOLER; THOMAS HANSON; and WARREN HORNEY;<br><br>Respondents | Case No.: 2:25-cv-02597-APG-MDC<br><br>**Order (1) Dismissing Case for Lack of Subject Matter Jurisdiction and (2) Denying as Moot Petitioner's Motion for an Extension of Time to Effectuate Service**<br><br>[ECF No. 42] |

Jaimie Davis initiated an arbitration proceeding in 2010 under the Financial Industry Regulatory Authority (FINRA) against several of the respondents in this case after she suffered losses due to alleged fraudulent investment products. ECF No. 37 at 521, 525-26. The arbitration panel dismissed Davis's claims and awarded the respondents $135,755.89 for costs and expert fees. *Id.* at 526. In 2019, Davis moved to compel arbitration in a case before the Orange County Superior Court of California. ECF No. 21-4 at 44-60. That second FINRA arbitration commenced in 2024 against all the respondents in this case for alleged false testimony and fraud in the earlier arbitration.[1] The second FINRA arbitration panel dismissed Davis's claims as precluded by res judicata because "there was a final judgment on the merits [in the

[1] Specifically, Davis asserted claims for (1) breach of contract; (2) unjust enrichment; (3) breach of fiduciary duty; (4) breach of promise of compliance and breach of duty of commercial honor and just and equitable principles of trade; (5) suitability; (6) supervisor liability; (7) negligence, fraud, and breach of duty for lying and cheating; (8) negligent supervision; (9) fraud; (10) fraudulent or negligent misrepresentation; (11) fraudulent or negligent concealment; (12) unfair competition; (13) fraud with conspiracy; (14) breach of duty with abuse of process; (15) defamation; (16) false light; (17) vacatur of the FINRA award for fraud; and (18) racketeering influenced and corrupt organizations (RICO) violations. *Id.* at 33-34.

previous arbitration] that was appealed and upheld," and Davis's claims "repeat[ed] claims from the earlier arbitration decision and appeal." *Id.* at 36. The panel also concluded that Davis's claims were barred because they were based on events that arose more than six years before the arbitration. *Id.* at 36-37. The panel dismissed Davis's claims without prejudice "to any right [she] has to file in court," explaining she "is not prohibited from pursuing her claims in court pursuant to Rule 12206(b) of the [FINRA] Code [of Arbitration Procedure]." *Id.* at 36. The arbitration panel entered an award against Davis and in favor of respondent Curtis Sathre $5,655 in sanctions for attorneys' fees. *Id.* at 37. On December 29, 2025, the Orange County Superior Court confirmed the second arbitration award. ECF No. 21-4 at 216-17.

Davis filed this case to vacate that second arbitration award under the Federal Arbitration Act (FAA), 9 U.S.C. § 10. The respondents previously moved to dismiss Davis's petition. ECF No. 21. I denied the respondents' motion to dismiss but ordered Davis to show how this court has subject matter jurisdiction over her claims. ECF No. 36.

Davis claims that I have subject matter jurisdiction based on diversity jurisdiction, 28 U.S.C. § 1332(a). Although the arbitration sanction was only $5,655, Davis argues that the $75,000 threshold required for diversity jurisdiction is met. She contends that the second arbitration's non-monetary findings are worth more than $75,000 because they preclude another federal lawsuit she filed in this court, *Davis v. WFP Securities Corp., et al.*, 2:26-cv-00120-APG-MDC, where Davis seeks more than $75,000 in damages. She also argues that the first arbitration's $135,755.89 award shows that the preclusive value of the second arbitration award is more than $75,000. Davis seeks leave to amend if I am inclined to dismiss this case for lack of subject matter jurisdiction. The respondents contend that Davis's arguments are unavailing because she is attempting to look through to the value of the merits in the arbitration and is

relying on collateral litigation to establish the amount in controversy. They also argue that any amendment would be futile and that I also lack jurisdiction under the *Rooker-Feldman* doctrine[2] because the Orange County Superior Court confirmed the arbitration award.

I dismiss this case because Davis has not shown that the amount in controversy exceeds $75,000, so there is no diversity jurisdiction. I decline to address the respondents' *Rooker-Feldman* argument and deny Davis leave to amend because amendment would be futile.

**I. DISCUSSION**

I laid out the law regarding jurisdiction for petitions to vacate an arbitration award in my previous order. ECF No. 36. Neither party disputes the general framework that, when determining the amount in controversy for diversity jurisdiction, I cannot consider the value of the underlying claims in the arbitration and that the facts establishing jurisdiction must be present on the face of the petition to vacate. *See Tesla Motors Inc. v. Balan*, 134 F.4th 558, 560-61 (9th Cir. 2025). Davis bears the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (stating that the party seeking to invoke the federal court's jurisdiction bears the burden of showing jurisdiction exists).

The FAA "does not itself create jurisdiction," such as through federal question jurisdiction. *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). Rather, a petition to confirm or vacate an arbitration award "must have a jurisdictional basis separate from the FAA's authorization of a petition" because "an arbitration award is no more than a contractual resolution of the parties' dispute." *Tesla Motors*, 134 F.4th at 560 (quotations omitted).

---

[2] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

The "facts establishing that the amount in controversy exceeds $75,000 must be present on the face of a [FAA] Section 9 petition" to confirm an arbitration award, and courts cannot "'look through' the petition to the underlying substantive controversy." *Id.* at 561 (holding that "[o]n its face, a petition to confirm a zero-dollar award cannot support the amount in controversy requirement"). Davis filed a petition to vacate, not confirm, an arbitration award, but the reasoning in *Tesla Motors* also applies to petitions to vacate. *See Lapaglia v. Valve Corp.*, No. 3:25-cv-00833-RBM-DDL, 2025 WL 3527053, at *5-6 (S.D. Cal. Dec. 9, 2025); *Floyd v. ELCO Admin. Servs. Co.*, No. 24-cv-09420-SVK, 2025 WL 1507095, at *2-4 (N.D. Cal. May 27, 2025). In *Tesla Motors*, the Ninth Circuit based its holding on *Badgerow*, where the Supreme Court held that courts could not look through petitions to vacate or confirm arbitration awards to the underlying substantive dispute in determining federal question jurisdiction. 596 U.S. at 8-11. *Badgerow* applied equally to motions to confirm and vacate arbitration awards and rejected the district court's ability "to exercise jurisdiction over an FAA application [merely] when the parties' underlying substantive dispute would have fallen within the court's jurisdiction." *Id.* at 6, 8, 12. Additionally, other sections of the FAA (such as motions to compel arbitration) contain language, approving the jurisdictional look-through approach for that type of motion, that is not present in the sections authorizing motions to confirm or vacate arbitration awards. *Compare* 9 U.S.C. § 4, *with* § 9, *and* § 10; *see also Badgerow*, 596 U.S. at 9-11. Thus, a petitioner must establish that the amount in controversy exceeds $75,000 on the face of the petition to vacate and cannot rely on the underlying dispute.

This conclusion is consistent with other Supreme Court precedent holding that, when determining the amount in controversy, courts may not consider the consequences of collateral proceedings that are not part of the controversy before the court. "[W]hen our jurisdiction

depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." *New England Mortg. Sec. Co. v. Gay*, 145 U.S. 123, 130-31 (1892) (listing cases) (finding that the value of the property used as collateral on a loan was not considered part of the matter in controversy in a dispute over whether the loan agreement violated state usury laws even though a favorable outcome could provide a defense in a separate action).

Davis contends that the arbitration award included "res judicata findings" that "the Panel had no authority to issue after dismissing the arbitration under [FINRA] Rule 12206(b)." ECF No. 37 at 4. She argues that the res judicata findings are worth more than $75,000 because the respondents plan to use res judicata as a defense in the parallel litigation pending in this court where Davis seeks more than $75,000 in damages. Davis points to the $135,755.89 award in the first arbitration as further evidence of the value of the second arbitration's non-monetary findings. There are three problems with Davis's argument.

First, whether res judicata or preclusion applies in the parallel litigation does not depend on whether the arbitration panel relied on res judicata to reach its conclusion. The elements for res judicata must still be met if it is to apply in the parallel litigation, and it does not automatically apply simply because the arbitration panel relied on res judicata.[3] Davis describes the panel's res judicata finding as improper, but she provides no basis why it was improper for the panel to do so. The arbitration panel did not issue an injunction, which may have value

[3] "The elements necessary to establish res judicata are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quotation omitted).

beyond the dollar amount in an arbitration award. It simply provided its reasoning for its conclusion that dismissal was warranted.

Second, the parallel litigation is collateral to this proceeding, and thus I cannot consider it in determining jurisdiction for this matter. Davis points to the arbitration panel's finding that she is not prohibited from pursuing her claims in court under FINRA Rule 12206(b), but arbitration panels cannot confer jurisdiction on federal courts. And the arbitration panel did not specify that Davis would be able to bring a vacatur action in federal court. *Badgerow* recognized that its holding would mean petitions to vacate arbitration awards even for "federal-law dispute[s]" would often "go to state, rather than federal, courts." 596 U.S. at 18 (holding that applications about arbitral decisions "typically belong[] in state courts"). Nevertheless, Davis has brought claims in the parallel federal litigation that are similar to her claims in the second arbitration.[4] The value of those claims is collateral to this proceeding and not before me in this dispute over whether to vacate the arbitration award. Under Davis's theory, any petitioner seeking to vacate an arbitration award could simply file a lawsuit asserting claims identical to their failed arbitration and assert that the preclusive effects of that negative arbitration ruling are worth more than $75,000 because they defeat the petitioner's pending lawsuit. That would eviscerate the rule that courts do not look through to the underlying merits when determining whether they have jurisdiction of petitions to vacate an arbitration award. Additionally, bypassing the look-through rule via redundant litigation undermines the framework envisioned by the FAA that

[4] In the parallel litigation, also pending before me, Davis has brought claims for (1) RICO, (2) RICO conspiracy, (3) fraud, (4) fraudulent concealment, (5) civil conspiracy, (6) abuse of process, (7) defamation, (8) false light, (9) unjust enrichment, (10) unfair competition, and (11) declaratory relief for fraud on the tribunal. ECF No. 37 at 46-58.

petitions to vacate an arbitration award involve contractual rights governed by state law and thus typically belong in state court. *See Badgerow*, 596 U.S. at 17-18.

Third, Davis asks me to consider the $135,755.89 award from the first arbitration, but that would be an impermissible look-through. Davis brought the second FINRA arbitration to challenge the first, so her claims in the second arbitration related to the value of the award in the first arbitration. Therefore, I cannot consider the $135,755.89 award because it relates to the value of Davis's claims in the second arbitration.

For these reasons, Davis has not shown that the amount in controversy in this case exceeds $75,000, and thus there is no diversity jurisdiction. On the face of Davis's petition to vacate the arbitration award, she disputes only the sanctions amount of $5,655. I reject Davis's argument that the arbitration panel's reasoning carries additional monetary value in this matter. I therefore dismiss this case for lack of subject matter jurisdiction.

Because there is no subject matter jurisdiction, I decline to rule on the respondents' argument that *Rooker-Feldman* applies. Additionally, I do not know the status of the Orange County Superior Court case. I ordered the parties to file a joint update on the status of that state court proceeding, but they did not do so. ECF No. 36 at 10.

Finally, Davis requests leave to amend "to plead additional facts showing Respondents' asserted use of the Award as a preclusion instrument" and "to clarify . . . that the Award's challenged res judicata determination and related findings are themselves the object of this FAA action." ECF No. 37 at 21. Federal Rule of Civil Procedure 15(a)(2) provides that I should grant leave to amend "freely . . . when justice so requires." I deny leave to amend only if there is a reason not to allow it, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Generally, "dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) (quotation omitted). I have already given Davis an opportunity to show why subject matter jurisdiction exists in this case, so there is no reason to grant leave for Davis to try again. Davis does not propose what additional facts she could plead to establish jurisdiction and fails to explain why she could not include those facts in response to my order to show cause about subject matter jurisdiction. Additionally, I have rejected Davis's res judicata argument, so it would be futile for her to provide additional clarification regarding that argument. Because I have already given Davis an opportunity to establish subject matter jurisdiction and any amendment would be futile, I deny Davis leave to amend.

## II. CONCLUSION

I THEREFORE ORDER that this case is dismissed for lack of subject matter jurisdiction.

I FURTHER ORDER that petitioner Jaimie Davis's motion for extension of time **(ECF No. 42) is DENIED as moot**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 5th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE